**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Jesus Roman, Jr., | No. CV-24-03223-PHX-DGC (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, Attorney General of the State of Arizona, | |
| Respondent. | |

Petitioner Jose Roman seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Magistrate Judge Camille Bibles issued a Report and Recommendation ("R&R") concluding that the petition is untimely and should be denied, along with a certificate of appealability. Doc. 13. The Court finds the R&R correct.

**I.    Background.**[1]

On July 9, 2013, a grand jury in Maricopa County indicted Petitioner on five counts of sexual conduct with a minor, two counts of molestation of a child, one count of indecent exposure, three counts of attempted sexual conduct with a minor, and one count of sexual abuse. Doc. 11-1 at 5-9. Petitioner's step-daughter was the victim in all charges. Petitioner pled guilty to one count of molestation of a child and two counts of attempted molestation. *Id.* at 50-52. On February 19, 2015, he was sentenced to 18 years in prison followed by lifetime probation. *Id.* at 73-77.

---

[1] A more thorough description of the facts and procedural history is set forth in Judge Bibles's R&R. Doc. 13 at 1-11.

Petitioner filed a timely petition for post-conviction relief on March 26, 2015. He claimed (1) the court showed "a noticeable amount of bias and prejudice" towards him in a settlement conference and at sentencing, (2) the court used his admissions to intimidate him into accepting a plea deal, (3) he received ineffective assistance of counsel, (4) his status as a former police officer and the victim's age were improperly considered as aggravating factors at sentencing, and (5) the victim's rights were violated because the prosecutor did not seek the "minimal" sentence he believed the victim wanted. *Id.* at 237-38. The trial court summarily denied the petition on May 5, 2016. *Id.* at 253. Petitioner filed a pro se appeal on July 9, 2016. *Id.* at 255-75. The Court of Appeals granted review and denied relief on August 6, 2021. *Id.* at 277-80; *see also State v. Roman*, No. 1 CA-CR 16-0376 PRPC, 2017 WL 3081897 (Ariz. Ct. App. July 20, 2017). Petitioner did not seek review by the Arizona Supreme Court, and the Court of Appeals issued its mandate on September 12, 2017. *Id.* at 281.

Petitioner filed a second petition for post-conviction relief on April 9, 2018, claiming (1) ineffective assistance of counsel, (2) the state failed to present evidence for Count 1 to the grand jury, and (3) the charging in Counts 1 and 12 violated double jeopardy. Doc. 11-2 at 2-13. He asserted that he discovered the evidentiary issue and double jeopardy in 2017. *Id*. at 5-6. The trial court summarily dismissed the petition as untimely and successive. *Id.* at 124-26. Petitioner appealed, and the Arizona Court of Appeals granted review and denied relief. *Id.* at 163. The Arizona Supreme Court summarily denied Petitioner's request for review. Doc. 11-3 at 2.

Petitioner filed another notice of post-conviction relief on July 1, 2021, asserting in an addendum that public records of a home inspection he obtained in September 2020 showed the home where one of his offenses allegedly occurred was not occupied until the victim was over 15 years old. *Id.* at 4-5. Relying on these records, Petitioner claimed that (1) the State perjured itself before the grand jury, using misleading statements, (2) the sentence he received for Count 12 was illegal, and (3) his due process rights were violated. *Id.* at 4-20. The trial court dismissed his notice, finding that he had not demonstrated that

the records he relied on, which were requested in September 2020, were not previously discoverable. *Id.* at 117-18. The court also found that he had waived his claims in his plea agreement, the claims were precluded because he had not raised them in his first post-conviction proceeding, there was no merit to the claim that his sentence was illegal, and he failed to state a claim for actual innocence. *Id.* at 117-19. Petitioner filed a notice of appeal on August 12, 2021, which was summarily denied. *Id.* at 134-46. Petitioner subsequently filed a "petition for review" for the same claims. *Id.* at 134-146, 148, 150-51, 153-70, 172. The Arizona Supreme Court denied review on January 5, 2023. *Id.* at 172.

On June 16 and 23, 2022, Petitioner filed two additional notices of post-conviction relief. *Id.* at 180-89, 191-288. The trial court again found that the claims were precluded and meritless. Doc. 11-5 at 17-18. He filed a petition for review, and the Arizona Court of Appeals granted review and denied relief. *Id.* at 2-3. The Arizona Supreme Court again denied review. Doc. 11-6 at 152.

Petitioner filed this 28 U.S.C. § 2254 petition on November 25, 2024, claiming (1) the State concealed exculpatory text messages from the grand jury, violating his right to due process, (2) the State concealed exculpatory witness statements from the grand jury, violating his right to due process, (3) the State committed prosecutorial misconduct by "knowingly conceal[ing] material facts and then gave false statements before the grand jury," which led him to be convicted for the same offense twice, violating double jeopardy, and (4) the State "knowingly committed perjury" and engaged in prosecutorial misconduct to indict him on Count 1, which was later dismissed but was "the main factor of the plea of guilt[y] to other counts." Doc. 1 at 8-22. He asserts that his claims are based on "newly discovered material facts from the 2022 state released records" he was previously denied access to and could not have discovered with due diligence. *Id.* at 22-28. In response, the State asserts that the Petitioner's claims are (1) precluded under the plea agreement, (2) untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and (3) procedurally defaulted. Doc. 11 at 17-33.

Judge Bibles reviewed the petition and issued an R&R on April 29, 2025. Doc. 13. She recommends that that the Court deny the petition as time-barred. *Id.* at 18. Petitioner filed an objection to the R&R on May 12, 2025, the State responded, and Petitioner replied. Docs. 14, 15, 16.

**II.   AEDPA Statute of Limitations.**

Federal habeas proceedings are governed by AEDPA, which establishes a one-year statute of limitations for filing habeas petitions. 28 U.S.C. § 2244(d); *see Pliler v. Ford*, 542 U.S. 225, 230 (2004). The limitation period generally begins to run when the state conviction becomes final by the expiration or conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A).

Statutory tolling is available for the time during which a properly filed petition for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Equitable tolling is available where the petitioner shows that "(1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is also available if the petitioner establishes a fundamental miscarriage of justice through a "credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *see Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**III.   The R&R.**

Judge Bibles found Petitioner's habeas petition untimely under AEDPA's one-year limitation period. Doc. 13 at 12. His conviction became final on September 12, 2017, the statute of limitations began to run the following day, and expired on September 13, 2018. *Id.*; Doc 11-1 at 281. Petitioner did not file this habeas action until November 25, 2024, more than six years after the limitations period expired. Doc. 1.

Judge Bibles noted that Petitioner's second action for post-conviction relief was dismissed as successive and untimely, and thus was not properly filed for purposes of AEDPA tolling. Doc. 13 at 13. And even if the second action had been timely, Petitioner waited two years after the Arizona Supreme Court denied review before filing any

additional petitions for post-conviction release in state court – a time span that itself exhausted AEDPA's one-year limitation period. *Id*.

Judge Bibles further found Petitioner was not entitled to equitable tolling because there were no extraordinary circumstances beyond his control that made it impossible for him to file a timely federal habeas petition. *Id.* at 14. He received a list of the records he now relies upon by January 2022, and received the records themselves by March 2022. *Id.* at 16. Even if the 2022 delivery of the records entitled him to equitable tolling, he could not account for the more than two years that passed before he filed his habeas petition in November 2024. *Id.* at 16-17.

Judge Bibles also found Petitioner has not established a fundamental miscarriage of justice. He did not present evidence of actual, factual innocence, and he waived all other pre-plea non-jurisdictional claims when he pled guilty. *Id*. at 17.

**IV.   Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**V.   Petitioner's Objections.**

Petitioner objects to the R&R on multiple grounds. He alleges that he was entitled to equitable tolling, and that the R&R deprives him of rights under the extraordinary circumstances exception to AEDPA. Doc. 14 at 2-3. He asserts that the R&R's finding that he did not bring special actions in state court concerning public records requests was materially incorrect. *Id.* at 3. He references three actions and provides documentation of each in attachments. *Id.* at 4. The first is a federal court order from 2020 in which Judge Steven Logan denied a motion by Petitioner to reopen his civil rights lawsuit that had been

dismissed for failure to state a claim. Doc. 14 at 9-14.[2] The second is an order from the Mohave County Superior Court dismissing a "Petition for Court Order for Dismissal Without Prejudice of Special Action Complaint" brought by Petitioner. Doc. 15 at 16. The third is a minute entry on a motion to dismiss a special action from the Maricopa County Superior Court in which the court dismisses a claim by Petitioner for emotional distress damages, not a public records claim. Doc. 14-2 at 2. These cases provide no basis for equitable tolling in this case.

Notably, even if these various actions tolled the statute of limitations, Petitioner still cannot explain what extraordinary circumstances prevented him from filing this habeas action for more than two years after receiving the public records in 2022. As Judge Bibles correctly explained, "the statute of limitations clock . . . resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Doc. 13 at 16 (citing *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015)).

The Ninth Circuit has "stressed that equitable tolling is unavailable in most cases. Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (citation modified). Petitioner has failed to meet this high burden.

Petitioner also asserts the R&R "deprives relief under habeas corpus on due process violations" because Respondent "concealed or lost the public records" in question. Doc. 14 at 5-6. This argument does not overcome the untimeliness of the petition. The Court will adopt Judge Bibles's recommendation that the habeas petition be denied.

Judge Bibles further recommends that the Court deny a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Doc.13 at 18. Petitioner does not object to this recommendation and has not otherwise

---

[2] Petitioner asserts that the order finds that he had a right to obtain the records sought. Doc. 16 at 2. It does not. Doc. 14 at 9-14.

6

shown that a certificate of appealability is warranted. The Court accordingly will deny the certificate.

**IT IS ORDERED:**

1. Judge Bibles's R&R (Doc. 13) is **adopted.**
2. Petitioner's habeas petition (Doc. 1) is **denied**.
3. A certificate of appealability is **denied.**
4. Respondents' Motion to Strike Petitioner's Reply (Doc. 17) is **denied as moot**.
5. The Clerk is directed to enter judgment accordingly and terminate this action.

Dated this 19th day of August, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge